ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JULIO A. VEGA PACHECO<br><br>Querellante-Recurrente<br><br><br>v.<br><br>VIEQUES AIR LINK, INC., ASEGURADORA ABC<br><br>Querellado-Recurrido | KLCE202301444 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm.: LU2023CV00116<br><br>Sobre:<br><br>DESPIDO INJUSTIFICADO, LEY 80-1976, según enmendado; DISCRIMEN POR REPRESALIAS; LEY 2-1961, según enmendado |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortíz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de enero de 2024.

Ante nos comparece la parte querellante-recurrente, Julio A. Vega Pacheco (en adelante Sr. Vega), mediante una *Petición de Certiorari,* en la que solicita que se revoque una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), del 11 de diciembre de 2023. Mediante dicha Orden, el TPI denegó una moción de descubrimiento de prueba al amparo de la Regla 34 de las de Procedimiento Civil y alega el Sr. Vega que en la misma no se fundamentan las razones por las cuales no se deben contestar las objeciones de las contestaciones a interrogatorios, constituyendo un abuso de discreción y un error claro y manifiesto en la apreciación de dicha prueba.

Por los fundamentos que expondremos a continuación se deniega la expedición del recurso de *Certiorari.* Veamos.

Número Identificador

RES2024_____

I

El 1 de junio de 2023, el Sr. Vega presentó una *Querella* contra Vieques Air Link, Inc. (en adelante VAL o querellada-recurrida) al amparo de la Ley 2 de 17 de octubre de 1961 de Procedimiento Sumario, Ley 80 de 30 de mayo de 1976 sobre Despido Injustificado y Ley 115 de 20 de diciembre de 1991 sobre Represalias. En síntesis, el Sr. Vega alega que fue despedido de su empleo injustificadamente y que sufrió represalias sin que VAL tomara ninguna acción.

VAL presentó su *Contestación a Querella* el 19 de junio de 2023. Entre otras cosas, negó que el Sr. Vega hubiese sido despedido injustificadamente y negó que hubiese sido objeto de represalias durante los años que el Sr. Vega trabajó para ellos.

Tan pronto como el 28 de junio de 2023, el Sr. Vega cursó un Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos como su mecanismo de descubrimiento de prueba. VAL notificó sus contestaciones a interrogatorio el 28 de agosto de 2023. El Sr. Vega, no conforme con varias de las contestaciones, para el 6 de septiembre de 2023, le notificó a VAL unas objeciones. Posteriormente, y en cumplimiento con la Regla 34 de las de Procedimiento Civil, las partes se reunieron telefónicamente el 18 de septiembre de 2023 para discutir las objeciones a las contestaciones a interrogatorios. VAL suplementó varias de sus contestaciones al interrogatorio para el 12 de octubre de 2023.

No conforme con las respuestas, el Sr. Vega presentó para el 4 de noviembre de 2023, una *"Moción para Compeler Contestación a Primer Pliego de Interrogatorios y Producción de Documentos al Amparo de la Regla 34 de las de Procedimiento Civil."* A esos fines, el 6 de noviembre de 2023 el TPI le solicitó al Sr. Vega un proyecto de orden para considerarlo. El 7 de noviembre de 2023, VAL presentó una oposición a la solicitud del Sr. Vega y mediante

Orden del mismo día el TPI dejó sin efecto la Orden de 6 de noviembre de 2023. De dicha Orden, el Sr. Vega no solicitó Reconsideración.

Para el 28 de noviembre de 2023 el Sr. Vega presenta una *"Moción Informativa Sobre Mociones Pendientes"* donde nuevamente le solicita al TPI que resuelva en sus méritos la moción al amparo de la Regla 34. El mismo día, el TPI toma conocimiento y le ordena a la parte querellada VAL a que cumpla con el descubrimiento de prueba en 10 días so pena de sanciones.

El 29 de noviembre de 2023, VAL solicita mediante moción que se deje sin efecto Orden de 28 de noviembre de 2023 y en oposición a la *"Moción Informativa sobre Mociones Pendientes".* En las mismas argumenta que las controversias de descubrimiento de prueba ya habían sido resueltas. El TPI, una vez más, toma conocimiento y deja sin efecto la Orden de 28 de noviembre de 2023, mediante Orden de 29 de noviembre de 2023, notificada el 4 de diciembre de 2023.

Nuevamente el Sr. Vega presenta moción el 9 de diciembre de 2023 solicitándole al TPI que resuelva en sus méritos y fundamente las mociones previamente presentadas al amparo de la Regla 34 de las de Procedimiento Civil. El 11 de diciembre de 2023 VAL presenta su respectiva oposición alegando que la misma era una segunda solicitud de reconsideración y que la controversia había sido resuelta por el TPI. Ese mismo día, el TPI declara No ha Lugar la solicitud del Sr. Vega.

En desacuerdo, el Sr. Vega presentó oportunamente la presente *Petición de Certiorari* el 20 de diciembre de 2023, en la que formuló el siguiente señalamiento de error:

> **El TPI abusó crasamente de su discreción e incurrió en error manifiesto al declarar sin lugar la moción al amparo de la Regla 34 del querellante mediante orden que no fundamenta, ni articula la**

**procedencia de unas contestaciones a un pliego de interrogatorios y requerimientos objetados.**

El Sr. Vega sostuvo que el TPI no permitió que este descubriera prueba enteramente pertinente y no privilegiada al considerar las alegaciones de su querella. Además, alega que no existe justificación alguna para no permitir que el Sr. Vega descubra por medio de un Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos prueba conducente a establecer que fue despedido injustificadamente por VAL y de que este fue objeto de represalias en el empleo por su supervisor, entre otras.

Por su parte, Val sometió una *Oposición a Expedición de Certiorari Interlocutorio y Solicitud de Desestimación* el 26 de diciembre de 2023, en la que sostuvo que la orden interlocutoria de la que se recurre se emitió dentro del contexto de una querella presentada al amparo del proceso sumario para reclamaciones laborales establecido por la Ley Núm. 2 de 17 de octubre de 1961, por tanto, ante la naturaleza sumaria de dichas reclamaciones, este Tribunal carece de jurisdicción para atender la misma.

II

### A. *El certiorari*

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal

revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión rerurrida, a diferencia de sus fundamentos son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para analizar el problema.

    C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Procedimiento Sumario bajo la Ley Núm. 2 de 1961**

La Ley Núm. 2-1961, también conocida como la Ley de Procedimientos Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 et. seq., provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. La esencia del trámite sumario creado por la Ley Núm. 2-1961, *supra*, es proveer

un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019); *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 732. Con su adopción, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten contra sus patronos. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011). Con el fin de adelantar su propósito, la ley estableció:

> [. . .] (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Rivera v. Insular Wire Products Corp.*, supra, págs. 923-924. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016).

Reiteradamente nuestro más Alto Foro ha expresado que "[l]a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2... constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más...".

(Citas omitidas). *Rodríguez et al. v. Rivera et al.,* 155 DPR 838, 856 (2001). Es por ello que, la Ley de Procedimiento Sumario de Reclamaciones Laborales introdujo a nuestro ordenamiento jurídico un trámite especial y expedito para atender las querellas relacionadas con disputas laborales presentadas por empleados o empleadas, u obreros u obreras en contra de sus patronos. En estos casos se aplicarán las Reglas de Procedimiento Civil en todo aquello que **no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley**. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 DPR 339, (2021). (énfasis suplido)

Como podrá observarse, el procedimiento sumario creado por la Ley Núm. 2-1961, *supra,* es uno abarcador que al hacer un balance de los intereses envueltos impone la carga procesal más onerosa al patrono, sin que esto signifique que éste queda privado de defender sus derechos. *Rivera v. Insular Wire Products Corp., supra,* pág. 924. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. (Cita omitida). *Ruiz v. Col. San Agustín,* 152 DPR 226, 232 (1998).

Por otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 501 (1999), el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en relación con el alcance de la revisión judicial de resoluciones interlocutorias dictadas en un procedimiento sumario instado al amparo de la Ley Núm. 2-1961, *supra.* Allí expresó lo siguiente:

> De una lectura de los preceptos anteriores se desprende que el legislador no tuvo la intención expresa de que estuviera disponible un mecanismo de revisión directa de las resoluciones interlocutorias. Más aún, en todos los debates celebrados en la Cámara y el Senado en torno al P. del S. 194 --que dio origen a la ley que analizamos-- **no se hizo mención de la posibilidad de que tales resoluciones interlocutorias fueran revisables**. Todo lo anterior

abunda a nuestra conclusión de que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos autolimitar nuestra facultad al efecto. *Id.*, pág. 496.

Concluyó el Tribunal Supremo de Puerto Rico en *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, *supra*, a la pág. 349, y citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 498, lo siguiente:

> [...] En *Dávila, Rivera v. Antilles Shipping, Inc., supra*, reconocimos que esta norma de autolimitación de revisión contempla una serie de instancias en las que una resolución interlocutoria sí es revisable por este Tribunal Supremo o por el Tribunal de Apelaciones, según corresponda. A estos efectos, a modo de excepción, concluimos que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante certiorari aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) **cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia**. Id., pág. 498. Véase, además, *(citas* omitidas). En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. (énfasis suplido).

Así las cosas, nuestro más Alto Foro, ha reiterado que las resoluciones interlocutorias que emita el Tribunal de Primera Instancia no son revisables por este tribunal. *Dávila, Rivera v. Antilles Shipping, Inc.,* supra, a la pág. 497. En función del interés protegido por esta legislación social, consistentemente hemos destacado la importancia de asegurar que los trámites judiciales encaminados bajo el palio de la Ley Núm. 2-1961, *supra*, no pierdan su esencia expedita. *Ruiz Camilo v. Trafon Group, Inc., supra*. Por lo tanto, corresponde a los tribunales asegurar la estricta observancia del proceso sumario [...]". *León Torres v. Rivera Lebrón*, 204 DPR 20,33, (2020).

Esbozada la norma jurídica, procedemos a disponer del recurso ante nuestra consideración.

### III

En el caso que nos ocupa, la parte querellante-recurrente, Sr. Vega, nos solicita que ejerzamos nuestra facultad discrecional y revoquemos la *Orden* interlocutoria emitida 11 de diciembre de 2023 y notificada el mismo día, en la que el TPI denegó una moción de la parte querellante al amparo de la Regla 34 de las de Procedimiento Civil.

Examinado el recurso y la posición de las partes, este Tribunal determina que se encuentra impedido de intervenir en los méritos de la resolución interlocutoria, ya que de lo contrario se desvirtuaría el propósito sumario que le quiso imprimir el legislador a los procedimientos tramitados bajo la Ley Núm. 2-1961. El legislador fue claro cuando dispuso que las revisiones interlocutorias en un procedimiento sumario bajo la Ley Núm. 2-1961, *supra*, no serían revisables por este foro. De ordinario, el mencionado estatuto contiene las excepciones establecidas por la jurisprudencia interpretativa del Tribunal Supremo donde limitaron las intervenciones de este foro revisor. En particular, destacamos las excepciones establecidas en *Dávila, Rivera*, supra, donde el Alto Foro limitó nuestra intervención a ciertas instancias, a saber: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia.

En el caso ante nos, la orden que se pretende revisar fue dictada por un tribunal con jurisdicción y la misma no amerita nuestra revisión inmediata para evitar un fracaso de la justicia, toda vez que, no se cumplen ninguna de las excepciones establecidas. En consecuencia, procede denegar la expedición del recurso de *Certiorari* solicitado.

## IV

Por todo lo anterior, se deniega la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones