Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RUBÉN FREYRE MARTÍNEZ<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES Y/O JUNTA DE DIRECTORES DEL CONDOMINIO SOL Y PLAYA<br><br>Recurrido | KLRA202400454 | REVISIÓN JUDICIAL Procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN2023-0017236<br><br>Sobre: Ley de Condominio |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 3 de octubre de 2024.

Comparece Rubén Freyre Martínez (señor Freyre Martínez o el Recurrente) y solicita la revocación de la *Resolución Sumaria* emitida y notificada el 12 de junio de 2024, por el Departamento de Asuntos del Consumidor (DACo o la agencia recurrida).  Mediante la referida *Resolución Sumaria* el DACo desestimó sumariamente la Querella Núm. C-SAN2023-0017236, presentada por el Recurrente el 26 de octubre de 2023, en contra de la Junta de Directores y el Consejo de Titulares del Condominio Sol y Playa (en conjunto, los Recurridos). En esta concluyó que aun cuando al señor Freyre Martínez  se le eximió del pago de la derrama para la construcción de una verja, no se le eximió al Recurrente del cumplimiento con las derramas posteriores relacionadas al proyecto de demolición de verja y gastos de abogado, aprobadas mediante distintas asambleas. Cabe destacar que no consta que  el señor Freyre Martínez  impugnó las determinaciones alcanzadas en las aludidas asambleas.

Por los fundamentos que expondremos a continuación revocamos la Resolución recurrida.

Número Identificador

SEN(RES)2024_____

I

El 26 de octubre de 2023, el señor Freyre Martínez presentó ante el DACo la Querella Núm. C-SAN2023-0017236 en contra de los Recurridos. En ajustada síntesis, el Recurrente solicitó al DACo que lo eximiera del pago de cualquier derrama concerniente a la verja que fue ilegalmente construida en el Condominio Sol y Playa, lo que incluye los costos relacionados a la demolición, remoción de escombros, restauración del *hábitat* y costos legales, entre otros.[1]

El Recurrente alegó además en la Querella, que se opuso oportunamente a la construcción de la verja y que mediante Resolución de 28 de febrero de 2023, el DACo lo eximió del pago de la derrama para la construcción de la misma, al declarar nula la derrama aprobada con esos fines. Asimismo, razonó que la Junta de Directores trata de desvincular los costos relacionados a la demolición, remoción de escombros, restauración del *hábitat* y costos legales, de la construcción de la verja ilegal como si se tratara de un nuevo proyecto para el cual es necesario una derrama.[2]

El **9 de noviembre de 2023**, el DACo emitió y remitió por correo *Notificación de Querella,* en la que advirtió a los Recurridos que de no contestar la Querella en el término de veinte (20) días a partir de su notificación, les anotaría la rebeldía.[3]

El **6 de junio de 2024,** el Consejo de Titulares, por conducto de la Junta de Directores del Condominio Sol y Playa, presentó *Contestación a Querella y Solicitud de Desestimación.* Como defensas afirmativas alegaron que las asambleas celebradas en el año 2023 fueron debidamente convocadas, contaron con el *quorum* necesario y que el señor Freyre Martínez no participó de la asamblea

---

[1] *Véase* Querella Núm. C-SAN-2023-0017236, a las páginas 3-5 del Apéndice del *Recurso de Revisión. Véase además,* Sentencia emitida el 14 de febrero de 2022 por el TPI en el Caso Civil AG2021CV00945, la cual es final y firme.
[2] *Véase Resolución Sumaria* del DACO de 28 de febrero de 2023, que declaró nula la derrama para la construcción de la verja, a las páginas 20-31 del Apéndice del *Recurso de Revisión.*
[3] *Véase* páginas 1-2 del Apéndice del *Recurso de Revisión*

celebrada el 28 de febrero de 2023. No empece fue debidamente notificado, éste no presentó justa causa por su incomparecencia, por tanto, procedía la desestimación sumaria de la querella.[4]

Mediante *Resolución Sumaria* emitida y notificada el 12 de junio de 2024, el DACo desestimó sumariamente la Querella Núm. C-SAN2023-0017236, presentada por el Recurrente el 26 de octubre de 2023, en contra de los Recurridos. Concluyó que no surge de la querella ni del expediente controversia esencial sobre algún hecho material, por tanto, como cuestión de derecho procedía la desestimación sumaria de la Querella. En dicha *Resolución Sumaria* el DACo formuló las siguientes determinaciones de hecho:

### DETERMINACIONES DE HECHO

1. La parte querellante Rubén Freyre Martínez es titular del apartamento 307 en el Condominio Sol y Playa, localizado en Rincón, Puerto Rico. Adquirió dicha propiedad mediante la Escritura Número 9 otorgada en Mayagüez, Puerto Rico el 10 de marzo de 2000 ante el notario Luis M. Ferrer Dávila.

2. El condominio Sol y Playa se encuentra sometido al régimen de Propiedad Horizontal.

3. El día 26 de octubre de 2023, la parte querellante presentó por internet la querella de epígrafe. En la misma alega en síntesis que en febrero de 2023 a través de una determinación del DACo fue eximido del pago de una derrama relacionada a la construcción de una verja ilegal. No obstante, posteriormente ha recibido cartas de cobro relacionadas con derramas posteriores relacionadas a la verja ilegalmente construida. Se le indicó que dichos cargos adicionales o derramas están relacionadas con un proyecto de demolición de la verja, por lo que se le indicó que es una derrama distinta a la que fue eximida la parte querellante originalmente.

4. El 2 de octubre de 2023, la parte querellada a través de la tesorera de la Junta de Directores remitió una carta a la parte querellante. En la misma, que este se encuentra en atraso de las derramas aprobadas. Una de las derramas es por concepto de gastos de abogados aprobada el 1 de noviembre de 2021; otra es la derrama de Demolición #1 con fecha 7/8/2023 cuya deuda es de $12,002.36; y otra derrama demolición #2 con fecha de 9/17/2023 cuya deuda es de $10,673.71. Por último, se le informa que de no recibirse el pago de 30 días, se estaría aplicando lo dispuesto en el Artículo 39 de la Ley de Condominios para la suspensión de los servicios de agua y energía eléctrica. [5]

---

[4] Véase, *Contestación a Querella y Solicitud de Desestimación*, a las páginas 32-37 del Apéndice del *Recurso de Revisión*
[5] *Véase* página 39 del Apéndice del *Recurso de Revisión*

Conforme a las determinaciones de hecho antes expuestas, concluyó el DACo que era innecesaria la celebración de una vista administrativa y que contrario a las alegaciones del señor Freyre Martínez, aun cuando este fue eximido del pago de una derrama para la construcción de una verja, al Recurrente como titular de un apartamento en el Condominio Sol y Playa, no se le eximió del cumplimiento con las derramas relacionadas al proyecto de demolición de verja y gastos de abogado aprobadas mediante diversas asambleas a las cuales el señor Freyre Martínez no asistió ni impugnó. Finalmente concluyó el DACo que el Recurrente incumplió con el requisito de impugnar las asambleas, así como los acuerdos allí logrados como por ejemplo las derramas que dan margen a la controversia ante nuestra consideración y que el señor Freyre Martínez no expresa fundamento alguno que justifique el no ser responsable de las derramas aprobadas. De igual forma, el DACo resolvió que el Recurrente no presentó su impugnación dentro del término de treinta (30) establecido en el Artículo 65 de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA 1921 *et seq.,* ("Ley de Condominios").

En desacuerdo, el 2 de julio de 2024, el señor Freyre Martínez solicitó reconsideración ante el DACo, la cual no fue atendida por la agencia recurrida.[6]

Inconforme con la *Resolución Sumaria*, el Recurrente presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte de la agencia recurrida:

> ERRÓ EL DACO AL DETERMINAR QUE LA PRUEBA QUE OBRA EN EL EXPEDIENTE ERA SUFICIENTE PARA CONCLUIR QUE NO HAY CONTROVERSIA ESENCIAL SOBRE NINGÚN HECHO MATERIAL, POR LO QUE PROCEDÍA COMO CUESTIÓN DE DERECHO QUE SE EMITIERA RESOLUCIÓN RESOLVIENDO LA RECLAMACIÓN DE FORMA SUMARIA. ALEGANDO SER INNECESARIA LA CELEBRACIÓN DE UNA VISTA ADMINISTRATIVA.

---

[6] *Véase* páginas 46- 64 del Apéndice del *Recurso de Revisión*.

ERRÓ DACO AL DESESTIMAR SUMARIAMENTE Y FUERA DE TÉRMINO LA QUERELLA DE EPÍGRAFE, SIN EMITIR ORDEN AL QUERELLANTE PARA MOSTRAR CAUSA POR LA CUAL NO DEBÍA SER DESESTIMADA LA QUERELLA, PESE HABERSE PLANTEADO CONTROVERSIAS DE HECHO ESENCIALES QUE CORRESPONDE DIRIMIR EN UN JUICIO PLENARIO, INFRINGIENDO ASÍU EN SU DERECHO CONSTITUCIONAL A UN DEBIDO PROCESO DE LEY E IGUAL PROTECCIÓN DE LAS LEYES QUE AMPARA AL QUERELLANTE-RECURRENTE.

ERRÓ DACO AL CONCLUIR QUE LA PARTE QUERELLANTE-RECURRENTE NO CUMPLIÓ CON EL REQUISITO DE IMPUGNAR ASAMBLEAS Y LOS ACUERDOS LOGRADOS EN LAS MISMAS, DONDE SE APROBARON LAS CORRESPONDIENTES DERRAMAS; Y, QUE LA PARTE QUERELLANTE NO EXPRESÓ EN SU QUERELLA HABER COMPARECIDO A LAS ASAMBLEAS Y HABER VOTADO EN CONTRA DE LAS DERRAMAS QUE SE NIEGA A PAGAR. IGUALMENTE, DE NO HABER COMPARECIDO, TAMPOCO EXPRESÓ UNA RAZÓN JUSTIFCADA PARA SU INCOMPARECENCIA A LAS ASAMBLEAS.

ERRÓ EL DACO AL NO ANOTAR LA REBELDÍA AL QUERELLADO-APELADO, DE ACUERDO CON LA REGLA 8.1 DEL REGLAMENTO NÚMERO 8034 DE PROCEDIMIENTOS ADUDICATIVOS DEL MISMO, QUE ESTABLECE QUE "EL QUERELLADO DEBERÁ CONTESTAR LA QUERELLA EN EL TÉRMINO DE VEINTE (20) DÍAS A PARTIR DE LA NOTIFICACIÓN, ADVIRTIENDO QUE, DE NO RECIBIRSE LA CONTESTACIÓN A LA QUERELLA EN DICHO TÉRMINO SE LE ANOTARÁ LA REBELDÍA. LA CONTESTACIÓN A LA QUERELLA DEL SR. FREYRE SE RECIBIÓ 220 DÍAS DESPÚES DE LA RADICACIÓN, EL 6 DE JUNIO DE 2023.

ERRÓ EL DACO AL APLICAR AL QUERELLANTE EL TÉRMINO PRESCRIPTIVO DE 30 DÍAS EN LUGAR DEL DE 2 AÑOS APLICABLE A QUERELLAS QUE ALEGAN VIOLACIONES A LA LEY DE CONDOMINIOS

El 23 de septiembre de 2024, comparecieron ante nos los Recurridos mediante *Alegato en Oposición a Revisión Judicial*. En ajustada síntesis, sostienen que la Resolución Sumaria emitida por el DACo está fundamentada en el expediente y que hay ausencia de controversia real sobre los hechos pertinentes, por lo que resulta innecesario la celebración de una vista evidenciaria. Sostienen además, los Recurridos, que el término para impugnar la derrama era de treinta días establecido en el Artículo 65 de la *Ley de Condominios de Puerto Rico,* Ley Núm. 129 de 16 de agosto de 2020,

según enmendada, 31 LPRA 1921 *et seq.,* ("Ley de Condominios),

por lo que el Recurrente viene obligado a cumplir con la derrama.

II

### A. La Ley de Procedimiento Administrativo del Gobierno de Puerto Rico

Es norma reiterada que los tribunales revisores apelativos están llamados a conceder amplia deferencia a las decisiones de las agencias administrativas. *Otero Rivera v. Bella Retail Group, Inc.* 2024 TSPR 70, 213 DPR ___ (2024); *Oficina del Comisionado de Seguros de Puerto Rico v. Point Guard Insurance Company, Inc.,* 205 DPR 1005, 1026 (2020). Tales determinaciones gozan de experiencia y conocimiento especializado sobre los asuntos ante su consideración. *Oficina de Ética Gubernamental v. Martínez Giraud,* 210 DPR 79, 88 (2022); *Capó Cruz v. Junta Planificación et al.,* 204 DPR 581, 591 (2020).

Respecto a las determinaciones de hechos agenciales, los tribunales no intervendremos en estas, siempre y cuando surja del expediente administrativo evidencia sustancial que las respalda. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra.* 591.

No obstante, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, según enmendada, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos". Cuando de conclusiones de derecho se trata, tenemos una amplia facultad de revisarlas completa y absolutamente. *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg.* P.R., 144 DPR 425, 436 (1997). Lo anterior, sin

embargo, "no equivale a la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Rolón Martínez v. Caldero López,* 201 DPR 26, 36 (2018).

Ahora bien, la deferencia a las determinaciones agenciales no es infinita. No podemos imprimir un sello de corrección a las determinaciones o las interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico,* 206 DPR 803, 819 (2021). Nuestra deferencia cede cuando: **(1) la decisión no está basada en evidencia sustancial;** (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Capote Rivera v. Voili Voila Corporation,* 2024 TSPR 29, 213 DPR ___ (2024); *Super Asphalt Pavement, Corp. v. AFI y otro, supra,* pág. 819. No obstante, la determinación de una agencia merece deferencia sustancial aun cuando su interpretación no sea la única razonable. *Torres Santiago v. Depto. Justicia,* 181 DPR 969, 1003 (2011). Solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Capote Rivera v. Voili Voila Corporation, supra; Capó Cruz v. Jta. de Planificación et al, supra,* pág. 591.

La Ley de Procedimiento Administrativo Uniforme del Gobierno, *supra,* faculta a las entidades administrativas a disponer de los asuntos ante su consideración mediante resolución sumaria, salvo que su ley orgánica disponga lo contrario. Este mecanismo procesal persigue agilizar el proceso adjudicativo en casos en los que

no estén presentes hechos materiales en controversia. *Comisionado de Seguros de PR v. Universal Insurance Company*, 187 DPR 164, 177 (2012). En particular, la Sección 3.7 de la LPAU, 3 LPRA § 9647, dispone expresamente lo siguiente:

(a) [...]

(b) Si la agencia determina a solicitud de alguna de las partes y luego de analizar los documentos que acompañan la solicitud de orden o resolución sumaria y los documentos incluidos con la moción en oposición, así como aquéllos que obren en el expediente de la agencia, que no es necesario celebrar una vista adjudicativa, podrá dictar órdenes o resoluciones sumarias, ya sean de carácter final, o parcial resolviendo cualquier controversia entre las partes, que sean separable de las controversias, excepto en aquellos casos donde la ley orgánica de la agencia disponga lo contrario.

La agencia no podrá dictar órdenes o resoluciones sumarias en los casos en que:

(1) existen hechos materiales o esenciales controvertidos;

(2) **hay alegaciones afirmativas en la querella que no han sido refutadas**;

(3) surge de los propios documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial; o

**(4) como cuestión de derechos no procede.**

B. *El DACo*

La Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 del 23 de abril de 1973, 3 LPRA sec. 341, según enmendada, faculta a la aludida agencia a "adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho". 3 LPRA sec. 341e(d). Véanse, además, *Ortiz Rolón v. Armando Soler Auto Sales, Inc.*, 202 DPR 689, 696 (2019); *Amieiro González v. Pinnacle Real Estate Home Team*, 173 DPR 363, 372 (2008). El DACo tiene el deber de velar por el cumplimiento de todas las leyes relacionadas con los derechos de los consumidores. 3 LPRA sec. 341e(d).

A esos fines, el Artículo 6 de la Ley Núm. 5, *supra*, establece los poderes delegados al referido organismo administrativo:

(c) Atender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios

adquiridos o recibidos del sector privado de la economía. Cuando declare con lugar una querella, el Secretario ordenará al querellado perdidoso que haya procedido con temeridad que pague total o parcialmente los gastos incurridos por el Departamento en su tramitación. El Secretario dispondrá por reglamento los cargos por concepto de gastos que deberá pagar el querellado perdidoso.

(a) Poner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios aptos conforme a derecho, disponiéndose que las facultades conferidas en este inciso podrá delegarlas el Secretario en aquel funcionario que él entienda cualificado para ejercer dichas funciones. 3 LPRA sec. 341e.

También, tiene el deber de "establecer las reglas y normas necesarias para la conducción de los procedimientos administrativos, tanto de reglamentación como de adjudicación, que celebre el Departamento". 3 LPRA sec. 341e.

En cumplimiento con la referida Ley, el DACo adoptó el *Reglamento de Procedimientos Adjudicativos,* Reglamento 8034, 13 de junio de 2011 (Reglamento 8034). Dicho cuerpo regulador favorece la solución justa, rápida y económica de las querellas presentadas ante el Departamento y provee un procedimiento uniforme. Regla 1, Reglamento Núm. 8034. Su aplicabilidad se extiende a "las investigaciones y los procedimientos administrativos sobre querellas iniciadas por consumidores, o por el Departamento". Regla 3, Reglamento 8034. De igual modo, estas reglas aplican a los procesos adjudicativos impuestos por nueva legislación, exceptuando los términos para llevar a cabo el proceso adjudicativo cuando alguna ley establece términos distintos, los cuales el Departamento debe adoptar. *Íd.*

La capacidad del DACo para resolver controversias por la **vía sumaria se reitera en la Regla 11 del Reglamento Núm. 8034**, que dispone lo siguiente:

**El Departamento ordenará el cumplimiento de lo que proceda conforme a Derecho sin la celebración de vista**

**administrativa, cuando luego de las partes haber hecho sus planteamientos y de haber evaluado la evidencia, no surja una controversia real de hechos. En tal caso, si una de las partes solicita reconsideración, se citará a vista en reconsideración siempre que se establezca la existencia de una controversia real sobre hechos pertinentes.**

(Énfasis suplido)

De igual forma, el DACo tiene facultad para **anotar la rebeldía** a una parte dentro del término establecido en la Regla 8.1 del Reglamento Núm. 8034 que en lo pertinente dispone lo siguiente:

> 8.1. El Departamento notificará a todos los querellados la querella radicada en su contra. Esta notificación será un aviso escrito de que el querellado **deberá contestar la querella en el término de veinte (20) días a partir de la notificación, advirtiendo además que de no reabrirse la contestación a la querella en dicho término se le anotará la rebeldía**.

(Énfasis suplido)

La anotación de rebeldía se define como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. *Rodríguez v. Rivera*, 155 DPR 838, 848 (2002). Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002). **En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados.** Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. *Banco Popular v. Andino Solís*, 192 DPR 172 (2015) Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b). Como norma general, las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. *Pérez v. VPH Motor Corp.*, 152 DPR 475, 484 (2000). No obstante, es norma reiterada que nada

impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica. ***Hosp. Dr. Domínguez v. Ryder***, 161 DPR 341, 346 (2004).

### C. *Ley de Condominios y la Jurisdicción del DACO.*

El Artículo 65 de la *La Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA 1921 *et seq.,* ("Ley de Condominios"), establece el foro adecuado para atender las impugnaciones de acciones u omisiones de la Junta de Directores, de un Administrador Interino y/o de Acuerdos y Determinaciones del Consejo de Titulares. 31 LPRA sec. 1923j. El referido artículo dispone lo siguiente:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> ...En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador. 31 LPRA sec. 1923j.

A esos fines, el Art. 66 de la Ley de Condominios, *supra*, añade lo siguiente:

> El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda. [...]. 31 LPRA sec. 1923k.

Así pues, acorde con este artículo y con los poderes conferidos por la Ley de Condominios, *supra*, el DACo promulgó el *Reglamento de Condominios*, Reglamento Núm. 9386 de 6 de junio de 2022, (Reglamento de Condominios), con el propósito de "proteger a los

titulares de apartamentos sometido al Régimen de Propiedad Horizontal y de reconocer el derecho de los mismos al pleno disfrute de su apartamento y de las áreas comunes...". Regla 3 del Reglamento de Condominios, *supra.* En cuanto a la jurisdicción de DACo para atender querellas de condóminos, la Regla 23 del Reglamento de Condominios, *supra,* dispone lo siguiente:

> Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
>
> (a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
>
> (b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
>
> (c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> [...].

El Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, dispone las causas de acción necesarias y además, **los términos para que los titulares de apartamentos puedan impugnar** las acciones y omisiones de Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares. **El término prescriptivo dependerá de la causa en sí, como sigue:**

> Para todo tipo de impugnación se tendrán **treinta (30) días** contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.
>
> **En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores,** del Administrador Interino, del Agente Administrador **o del Consejo de Titulares, constituyan violaciones a las disposiciones de este capítulo, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su** presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Capítulo.
>
> [...]
>
> En el caso de impugnación de acuerdos del Consejo de Titulares tendrá que acreditar que estuvo presente o representado en la asamblea que se tomó el acuerdo que

impugna y que votó en contra de este. **Si estuvo ausente a pesar de fue debidamente notificado deberá probar que su ausencia estuvo justificada**.

31 LPRA sec. 1923j.

### III

Es la contención del Recurrente que incidió el DACo al concluir que la prueba que había en el expediente era suficiente para determinar que había ausencia de controversia esencial que justificaba la adjudicación sumaria de la querella y al no emitir una orden de mostrar causa previo a la desestimación sumaria de esta. El Recurrente sostiene además, que erró la agencia recurrida al concluir sumariamente que este incumplió con el requisito de impugnar las asambleas en las cuales se aprobaron las derramas y los acuerdos logrados; al no expresarlo en su querella y al concluir sumariamente que la alegada incomparecencia no obedeció a ninguna causa justificada.

Como cuestión de umbral es menester resaltar que en la *Resolución Sumaria* recurrida, el DACo desestimó la querella presentada por el Recurrente tras adjudicar sumariamente que el señor Freyre Martínez estaba impedido de impugnar las derramas aprobadas por no haber comparecido a las asambleas en las cuales se asintieron los acuerdos y por este no haber objetado las derramas dentro del término de treinta (30) días dispuesto en el Artículo 65 de la Ley de Condominios, *supra.* . Asimismo, concluyó el DACo que toda vez que hay ausencia de razón justificada para la incomparecencia del Recurrente a las referidas asambleas esto lo inhabilita para impugnar los acuerdos logrados y que por ello procedía la desestimación sumaria de su querella.

Es preciso destacar que los Recurridos, también alegaron como defensas afirmativas que las asambleas celebradas en el año 2023 fueron debidamente convocadas, contaron con el *quorum* necesario y que el señor Freyre Martínez **no participó de la**

**asamblea celebrada el 28 de febrero de 2023** a pesar de haber sido debidamente notificado, ni presentó justa causa para ello, por lo que procedía la desestimación sumaria de la querella.

En lo pertinente, el Recurrente alegó en la Querella Núm. C-SAN2023-0017236 que la Junta de Directores **trató de desvincular los costos relacionados a la demolición, remoción de escombros, restauración del *hábitat* y costos legales, de la construcción de la verja ilegal como si se tratara de un nuevo proyecto para el cual es necesario una derrama. Sobre estos extremos los Recurridos no refutaron ni establecieron la necesidad de las derramas posteriores.** La Sección 3.7 de la LPAU, 3 LPRA § 9647 dispone que la agencia no podrá dictar órdenes o resoluciones sumarias en los casos en que **hay alegaciones afirmativas en la querella que no hayan sido refutadas** y cuando surge de los propios documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial.

En el presente caso, existe controversia en cuanto a la debida notificación al Recurrente sobre la celebración de las asambleas en las que se aprobaron las derramas impugnadas en su Querella y sobre la inexistencia de causa justificada para no comparecer a las referidas asambleas posteriores. De igual forma, es relevante que según expresaron los Recurridos en las defensas afirmativas presentadas, la asamblea a la que alegadamente el Recurrente no asistió **fue celebrada el 28 de febrero de 2023, precisamente el día en que DACo emitió Resolución en la que declaró nula la derrama para la construcción de la verja, objetada también en aquella ocasión por el Recurrente**

La controversia referente a la impugnación de las derramas para cubrir los costos relacionados a la **demolición, remoción de escombros, restauración del *hábitat* y los costos legale**s de la verja cuya construcción fue ilegal , según la Sentencia emitida el 14

de febrero de 2022 en el Caso Civil AG2021CV00945, y la derrama nula según **Resolución de DACo de 28 de febrero de 2023, <u>no era susceptible de adjudicación sumaria por parte de la agencia recurrida</u>.**

Como cuarto señalamiento de error, sostiene el señor Freyre Martínez que incidió el DACo al no anotar la rebeldía a los Recurridos, quienes presentaron la contestación a la querella fuera del término de veinte (20) días dispuesto en la Regla 8.1 del Reglamento Núm. 8034, contados a partir del 9 de noviembre de 2023, fecha en que la agencia recurrida le notificó la Querella a los recurridos. Consta en el expediente que los Recurridos presentaron la contestación el 6 de junio de 2024, cuando el término vencía el 29 de noviembre de 2024.

Cabe destacar que la Regla 8.1 del aludido Reglamento Núm. 8034, dispone expresamente que el DACo deberá notificar a la parte querellada sobre la presentación de la querella; que dicha parte deberá contestar la querella dentro del término de veinte (20) días a partir de la notificación, y que **"de no recibirse la contestación a la querella en dicho término <u>se le anotará la rebeldía</u>."**

En el caso que nos ocupa, el **9 de noviembre de 2023**, el DACo emitió y remitió por correo *Notificación de Querella,* a los Recurridos en la que les advirtió que de no contestar la Querella en el término de veinte (20) días a partir de su notificación, les anotaría la rebeldía.[7]  Sin embargo, no es hasta el **<u>6 de junio de 2024</u>,** que el Consejo de Titulares, por conducto de la Junta de Directores del Condominio Sol y Playa, presentó *Contestación a Querella y Solicitud de Desestimación.*  Ante este cuadro de hechos procesales es forzoso concluir que incidió el DACo al no anotar la rebeldía a los aquí recurridos, ante el incumplimiento con la Regla 8.1, *supra,* la cual,

---

[7] *Véase* páginas 1-2 del Apéndice del *Recurso de Revisión*

conforme a la disposición reglamentaria no constituye una medida discrecional de la agencia recurrida sino compulsoria con la consecuencia de que **se dieran por ciertos los hechos correctamente alegados en la Querella.**

Los Recurridos no discuten en su *Alegato en Oposición a Revisión Judicial* el cuarto señalamiento de error del Recurrente referente a la omisión del DACo de anotarle la rebeldía conforme a lo dispuesto en la Regla 8.1 del Reglamento Núm. 8034, al no contestar la querella dentro del término de veinte (20) días dispuesto a partir de la notificación de la Querella realizada, la cual consta en el expediente fue notificada por la agencia recurrida el 9 de noviembre de 2023.

Finalmente, arguye el recurrente que incidió el DACo al aplicarle el término prescriptivo de treinta (30) días en lugar de los dos años aplicables a querellas que alegan violaciones a la Ley de Condominios. **Dispone el Art. 65 de la Ley de Condominios supra,** que en el caso de impugnación de acuerdos del Consejo de Titulares el que impugna, **si estuvo ausente a pesar de fue debidamente notificado deberá probar que su ausencia estuvo justificada**. 31 LPRA sec. 1923j.

**Sobre esos extremos, determinamos que toda vez que el DACo adjudicó sumariamente que el Recurrente estuvo notificado de las asambleas, lo inhabilitó para impugnar los acuerdos. Ello, no empece no se desfiló prueba sobre esos extremos y adjudicó que hubo ausencia de razón justificada para su incomparecencia sin que conste prueba en el expediente para ello** es forzoso concluir que **dicha adjudicación sumaria impidió que el Recurrente presentara prueba sobre la justa causa que impidió su comparecencia a las asambleas estuvo justificada.** DACo no fundamentó su *Resolución Sumaria* en el expediente. Por

lo tanto, colegimos que se violó el debido proceso de ley del Recurrente al amparo de la Sección 3.1 de la LPAU.

Con estos antecedentes, concluimos que incidió el DACo al concluir que la prueba que había en el expediente era suficiente para determinar que había ausencia de controversia esencial y que se justificaba la adjudicación sumaria de la querella presentada por Recurrente. De igual forma incidió la agencia recurrida al no anotar la rebeldía a los Recurridos, para lo cual carecía de discreción conforme a lo dispuesto en la Regla 8.1, del Reglamento Núm. 8034, *supra.*

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, revocamos la *Resolución Sumaria* emitida por el DACO en el caso de epígrafe y devolvemos el caso a la agencia recurrida para la celebración de vista evidenciaria en la que se adjudique en sus méritos la Querella presentada por el Recurrente

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones